## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re:<br><br>SRC Holding Corporation, f/k/a Miller & Schroeder, Inc., and its subsidiaries,<br><br>                      Debtors. | BKY Nos. 02-40284 to 02-40286<br>Adv. Nos. 03-4291 and 05-4051 (NCD) |
| BREMER BUSINESS FINANCE CORPORATION, BRIAN F. LEONARD, Trustee, MARSHALL INVESTMENTS CORP., PAGE STATE BANK, and MCVILLE STATE BANK,<br><br>               Plaintiffs/Appellees,<br><br>v.<br><br>DORSEY & WHITNEY LLP,<br><br>             Defendant/Appellant. | Civil No. 05-2768 (JRT)<br><br>**ORDER DENYING MOTION FOR LEAVE TO APPEAL** |

      Jason R. Asmus and Richard G. Mark, **BRIGGS & MORGAN, PA**, 80 South Eighth Street, Suite 2200, Minneapolis, MN 55402, for appellant.

      Paul L. Ratelle, **FABYANSKE WESTRA HART & THOMSON, PA**, 800 LaSalle Avenue, Suite 1900, Minneapolis, MN 55402, for appellees Bremer Business Finance Corporation and Brian F. Leonard.

      Edward W. Gale, **LEONARD O'BRIEN SPENCER GALE & SAYRE, LTD.**, 100 South Fifth Street Suite 2500, Minneapolis, MN 55402, for appellees Marshall Investments Corp., Page State Bank, and Mcville State Bank.

      Defendant Dorsey & Whitney LLP ("Dorsey") moves for leave to appeal the Bankruptcy Court's denial of its motion for summary judgment on plaintiff Bremer

Business Finance Corporation's ("Bremer") legal malpractice claims. For the reasons set forth below, the Court denies the motion for leave to file an interlocutory appeal

## BACKGROUND

It is Bremer's claim that Dorsey committed legal malpractice with respect to the legal work it performed on two loans to finance the construction and operation of a casino for the St. Regis Mohawk Tribe in upstate New York. It was the lender for the loans, Miller & Schroeder, that hired Dorsey to perform the legal services in question. Bremer claims that Dorsey knew before the closing of the loans that Miller & Schroeder intended to sell the loans to third parties. The loans closed in 1999, and Bremer was one of the third parties who ultimately purchased an interest in the loans. Within months after closing the loans went into default.

Miller & Schroeder filed for Chapter 7 bankruptcy protection in 2002. In 2005, Bremer filed a complaint against Dorsey as a related case in the United States Bankruptcy Court in 2005. Bremer now asserts that it relied on Dorsey's legal work when Bremer purchased its interest in the loans. Bremer also asserts that Dorsey knew that third parties, like Bremer, would be relying on Dorsey's legal work. In addition, Bremer claims that, based on Bremer's loan agreement with Miller & Schroeder, Bremer believed that it would be able to sue Dorsey for malpractice if necessary.

Dorsey moved for summary judgment on Bremer's malpractice claims, arguing, *inter alia*, that Bremer lacked standing to pursue malpractice claims against Dorsey. United States Bankruptcy Court Judge Nancy Dreher denied Dorsey's motion, finding

genuine issues of material fact precluded summary judgment.  Dorsey now seeks leave to file an interlocutory appeal of that order.

## ANALYSIS

I.   STANDARD OF REVIEW

The District Court may exercise jurisdiction over appeals under 28 U.S.C. § 158(a)(3) from interlocutory orders of the Bankruptcy Court.  A court should grant leave to appeal sparingly, and generally only in exceptional cases.  *In re Hanson*, 2004 WL 1490421 (D. Minn. July 1, 2004) (citing *Gen. Elec. Cap. Corp. v. Machinery, Inc. (In re Machinery, Inc.)*, 275 B.R. 303, 306 (B.A.P. 8th Cir. 2002)).  In determining whether to grant leave to appeal, this Court applies the standard found in 28 U.S.C. § 1292(b), which requires:  "(1) the question involved be one of law; (2) the question be controlling; (3) there exists a substantial ground for difference of opinion respecting the correctness of the [bankruptcy] court's decision; and (4) a finding that an immediate appeal would materially advance the ultimate termination of the litigation."  *Id.*  Accordingly, if the bankruptcy court's order is fact intensive, review is not proper under 28 U.S.C. § 158(a)(3).  *In re Gilbertson Restaurants, LLC*, 315 B.R. 845, 849 (B.A.P. 8th Cir. 2004) (holding that because issue of whether lawyers represented an adverse interest to any of the debtors was fact intensive, review under 28 U.S.C. § 158(a)(3) was not proper).

II.   LEGAL MALPRACTICE

Under Minnesota law, an attorney-client relationship may be found to exist under an implied contract or by the use of a tort or third-party beneficiary analysis.  *Admiral Merchants Motor Freight, Inc. v. O'Connor & Hannan*, 494 N.W.2d 261, 265 (Minn.

1992). Whether an attorney-client relationship exists is usually a question of fact dependent upon the communications and circumstances, and therefore inappropriate for resolution on summary judgment. *Id.* (denying defendant attorneys' motion for summary judgment, where the plaintiff presented evidence, which, if believed, would show that it was an intended beneficiary because the client was nearly judgment-proof, and liability was a foreseeable harm to the plaintiff and was directly related to the attorneys' alleged malpractice).

Dorsey sought summary judgment on Bremer's malpractice claims under a number of theories, including its argument that Bremer lacks standing to assert claims of legal malpractice. Judge Dreher denied Dorsey's motion, finding genuine issues of material fact regarding the scope of Dorsey's representation and whether Bremer had standing to bring malpractice claims. Dorsey now raises its standing argument a second time in its motion for leave to file an appeal.

The Court denies the motion for leave to file an appeal. The existence of an attorney-client relationship is usually dependent on facts, and this case is no exception. Indeed, as the Bankruptcy Court noted, there are a number of disputed factual issues, including whether Bremer relied on Dorsey's legal work, whether Dorsey understood that third parties, like Bremer, would be relying on Dorsey's legal work, and whether the parties intended that third parties would be able to sue Dorsey directly for malpractice. Therefore, the Court holds that the issues surrounding the scope of Dorsey's representation are sufficiently fact-intensive as to make review under 28 U.S.C. § 158(a)(3) inappropriate at this time.

**ORDER**

Based on the foregoing records, files, and proceedings herein, **IT IS HEREBY ORDERED** that Appellant's Motion for Leave to Appeal the Bankruptcy Court's Order denying Dorsey & Whitney's motion for summary judgment on Bremer Business Finance Corporation's legal malpractice claims [Docket No. 1] is **DENIED**.

DATED:   February 7, 2006                       s/ John R. Tunheim          _
at Minneapolis, Minnesota.                         JOHN R. TUNHEIM
                                                                     United States District Judge